## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHARLES ISAAC WILSON, JR.**                          **PETITIONER**

### No. 4:22-cv-00578 JM/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**            **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Charles Isaac Wilson, Jr., ("Wilson") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  Wilson is serving a forty year sentence in the Arkansas Division of Correction ("ADC") for delivery of cocaine (habitual offender).  His challenge is not to his 2010 conviction.  Instead, he targets the ADC

and related state entities concerning his placement prior to his release from incarceration.

In November 2021, the Arkansas Parole Board recommended that Wilson be transferred to Arkansas Division of Community Correction ("ACC") supervision. Because Wilson was convicted of rape in 1983,[1] he is classified as a Level 3 sex offender under Arkansas law. As a result, a transfer to ACC requires that he comply with some state law provisions, including registering as a sex offender and locating housing away from schools or parks. According to Payne, ACC approved transitional housing facilities had no available beds for Level 3 sex offenders at that time, and there were no family or friends willing to provide housing for Wilson. Wilson provided two parole plans to the Parole Board for living arrangements outside transitional living and both were rejected.

Wilson filed a grievance with his ADC Unit on May 2, 2022, complaining that Arkansas law obligated the ADC to release him from custody in light of the November 2021 Parole Board recommendation. Wilson cited Ark. Code. Ann. §§ 16-93-211 to support his claim. Wilson's argument in this action mirrors his claims advanced in his May 2022 grievance.

The fundamental flaw in Wilson's argument is that he attacks a discretionary decision made by the Arkansas Parole Board. Wilson mistakenly maintains that

---

[1] Wilson does not dispute the earlier rape conviction, although he dates it from 1982. Docket entry no. 8-5, page 5.

federal and state law have created a liberty interest in discretionary parole decisions and that this interest has been violated.  United States District Judge Kristine G. Baker ably addressed this argument in *Gardner v. Payne*, 2022 WL 1037103 (E.D. Ark. April 6, 2022):

> The Court interprets Mr. Gardner's allegations as a due process claim. Mr. Gardner, however, does not have a protected liberty interest in the possibility of parole, and, accordingly, no violation of his due process rights is implicated. See *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984). A protected liberty interest "may arise from two sources — the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citation omitted). There is " 'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.' " *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014) (quoting *Greenholtz*, 442 U.S. at 7). State law may create a liberty interest if " 'state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials.' " *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation omitted).
>
> When a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing — that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Under Arkansas law, the Parole Board may release an individual on parole, but there is no right to release. Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions...." *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007); see also *Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions).

3

Because Wilson does not have a protectable interest in the possibility of parole, he does not state a cognizable claim for habeas corpus relief.[2] The Court therefore recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied.[3]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to recommend issuance of a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the undersigned recommends that a certificate of appealability be denied.

---

[2]Wilson's allegation of an equal protection violation also fails. He does not allege he is a member of a protected class and is being treated differently based on that classification. *See Roubideaux v. North Dakota Department of Correction and Rehabilitation*, 523 F.Supp.2d 952, 966 (D.N.D. 2007), *aff'd*, 570 F.3d 966 (8th Cir. 2009). For example, Wilson does not allege that similarly situated inmates are being placed in transitional housing while he is not.

[3]Wilson's motion to amend (docket entry no. 11) asserts the same alleged constitutional violations set forth in the original petition and thus fails to state a cognizable habeas corpus claim. It is therefore denied as moot.

IT IS SO ORDERED this 8th day of September, 2022.

_____

UNITED STATES MAGISTRATE JUDGE