# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHARLES ISAAC WILSON, JR.**                                                      **PETITIONER**

No. 4:22-cv-00578 JM/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                                    **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

In this habeas case, petitioner Charles Isaac Wilson, Jr., ("Wilson") has filed an emergency request for the Court to submit a parole plan for him (Doc. No. 12) and an application for an emergency temporary restraining order requiring his release to a halfway house (Doc. No. 13). Wilson's habeas petition alleges that he is entitled to transitional housing in facilities operated by the Arkansas Division of

Community Correction ("ACC") because the Arkansas Parole Board recommended his transfer to the ACC in November of 2021 (Doc. No. 1). In his response, respondent Dexter Payne asserted that Arkansas law requires Wilson to be registered as a Level 3 sex offender, and that the ACC approved transitional housing facilities had no beds available for Level 3 sex offenders at that time (Doc. No. 8). Wilson's motions in issue assert that there are now beds available and he should be immediately placed in transitional housing.

The seminal Eighth Circuit case on whether a district court should issue preliminary injunctive relief is *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In that case, the court held that a district court should consider (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See also Cole v. Benson*, 760 F.2d 226, 227 (8th Cir. 1985).

The undersigned has, in a separate pleading filed this date, recommended that Wilson's habeas corpus petition be dismissed for failing to state a claim as an inmate has no federal constitutional right to be released on parole. The third *Dataphase* factor, probability of success on the merits, thus weighs heavily against

Wilson.  The Court finds the other factors do not tilt in his direction.  There can be no irreparable harm to Wilson if an injunction is not issued because he will not be deprived of a constitutional right and will therefore not suffer harm. Additionally, the public interest weighs in favor of the Court's following clearly established law. The Court therefore recommends that the application for an emergency request for the Court to submit a parole plan for him (Doc. No. 12) and the application for an emergency temporary restraining order (Doc. No. 13) be denied.

    IT IS SO RECOMMENDED this 8th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE